**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005660
11-MAR-2015
08:41 AM**

NO. CAAP-13-0005660

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEXTER J. SMITH, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1834)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Dexter J. Smith (Smith) appeals from the October 28, 2013 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1]  Smith was convicted of Kidnapping as a class A felony in violation of Hawaii Revised Statutes (HRS) § 707-720(1)(d) and/or (1)(e) (2014).

On appeal, Smith argues that the Circuit Court erred because it conducted defective Tachibana[2] colloquies with Smith and those defective colloquies were not harmless beyond a reasonable doubt.

After a careful review of the point raised and the arguments made by the parties, the record on appeal, and the applicable legal authority, we resolve Smith's point as follows and affirm.

Smith faults the Circuit Court's two pre-trial advisements for being only "a lecture" and "a reminder"

---

[1]     The Honorable Patrick W. Border presided.

[2]     Tachibana v. State, 79 Hawai'i 226, 236, 900 P.2d 1293, 1303 (1995).

respectively, and not a colloquy. However, Smith cites no authority, and we find none, for the proposition that a colloquy is required for the pre-trial advisement. See State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000) ("trial courts prior to the start of trial, shall (1) inform the defendant of his or her personal right to testify or not to testify and (2) alert the defendant that, if he or she has not testified by the end of the trial, the court will briefly question him or her to ensure that the decision not to testify is the defendant's own decision." (emphasis added, citation, internal quotation marks, and brackets omitted)).

As to the end-of-trial colloquy, Defense counsel did not object to and nothing in the record indicates that Smith did not understand his rights. While not a model of pedagogy, the Circuit Court conducted an adequate colloquy with Smith and obtained a knowing waiver of his right to testify. Although the Circuit Court did not individually and separately address each of the five rights, the Circuit Court logically divided the five rights into two groups: (1) what rights and repercussions would be triggered if Smith chose to testify; and (2) what rights and repercussions flowed if Smith chose not to testify. The Circuit Court explained how those groups of rights operate together and confirmed Smith's understanding after each explanation. The Circuit Court then asked Smith whether he wanted to testify or not and Smith responded that he did not. On this record, we conclude that Smith understood his rights when he made his decision not to testify.

Therefore the October 28, 2013 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 11, 2015.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2